IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALFRED LAGUE,

              Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

Case No. 3:15-cv-02234-MA

OPINION AND ORDER

MERRILL SCHNEIDER
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

JORDAN D. GODDARD
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Alfred Lague seeks judicial review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, I reverse the Commissioner's decision and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, the period under review is a single date – December 31, 2011. Plaintiff alleges he became disabled on December 31, 2011, which also is his date last insured ("DLI") under Title II. Thus, the question for this court is whether substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled as of December 31, 2011.

Here, Plaintiff protectively filed an application for a period of disability and disability insurance benefits on April 5, 2012,[1] alleging disability beginning December 31, 2011, due to difficulty with his legs, hands, shoulders, back, hearing and asthma. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). An ALJ held a hearing on April 18, 2014, at which Plaintiff appeared with his attorney and testified. A vocational expert, Paul Morrison, also attended the hearing and testified. On May 28, 2014, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

---

[1] Plaintiff also filed for Supplemental Security Income ("SSI") benefits on April 5, 2012. Plaintiff was awarded SSI benefits. Transcript of Social Security Administrative Record ("Tr.") at 41, 193-94, ECF No. 13. Plaintiff's SSI benefits are not part of this action.

2 - OPINION AND ORDER

Born in 1960, Plaintiff was 51 years old on his alleged disability onset date and 54 years old on the date of the ALJ's decision. Plaintiff has obtained a GED, and has past relevant work as a truck driver, material handler, forklift driver, and assembler.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Plaintiff meets insured status requirements for a DIB application through December 31, 2011. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date through his date last insured, December 31, 2011. At step two, the ALJ found Plaintiff does not have any severe impairments. In an abundance of caution, the ALJ made alternative step two findings, determining that Plaintiff's intermittent leg cellulitis is a severe impairment. At step three, the ALJ found that Plaintiff's intermittent leg cellulitis does not meet or medically equal a listed impairment.

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform light work but with the following limitations:

> lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for
> 2 hours in an 8 hour day; sit for 6 hours in an 8 hour day; occasionally perform all

postural activities, except never climb ladders, ropes or scaffolds; and must avoid concentrated exposure to extremes of temperature, wetness, and hazards.

Transcript of Social Security Administrative Record ("Tr.") at 46, ECF No. 13.

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a forklift driver as actually performed. The ALJ also made alternative step five findings, concluding that other jobs exist in the national economy that Plaintiff could perform, such as the representative occupations of companion and food assembler. Accordingly, the ALJ concluded that Plaintiff has not been under a disability under the Social Security Act at any time prior to December 31, 2011.

## ISSUES ON REVIEW

On appeal to this court, Plaintiff contends the following errors were committed: (1) the ALJ erred at step two; (2) the ALJ improperly evaluated the opinions of Martin Kehrli, M.D., and Brandon Markus, D.O.; (3) the ALJ erroneously concluded he could perform his past relevant work as a forklift driver as actually performed; and (4) substantial evidence does not support the ALJ's alternative step five finding that Plaintiff can perform the occupation of companion because there is no finding that he possesses the requisite transferrable skills. The Commissioner argues that even if the ALJ erred, Plaintiff has not demonstrated harmful error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations

omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

### I.   The ALJ Did Not Commit Harmful Error at Step Two

At step two, a claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005). The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Step two is a "*de minimus* screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff contends that the ALJ erred in finding that he did not have *any* medically severe impairments. According to Plaintiff, he has a long-standing diagnosis of asthma and suffers from leg edema and that these impairments could reasonably cause more than a minimal impact on his ability to sustain full time work. If the ALJ had ended the sequential evaluation at step two, I may be persuaded by Plaintiff's argument.

However, as noted above, the ALJ made alternative step two findings, finding that Plaintiff's intermittent cellulitis is a medically determinable impairment, continuing with the sequential evaluation through steps four and five. Thus, the ALJ resolved step two in Plaintiff's favor. Therefore, even assuming *arguendo* the ALJ erred at step two, the error is harmless. *Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir. 2005); *see also Gray v. Comm'r of Soc. Sec. Admin.,* 365 Fed. App'x 60, 61 (9th Cir. 2010) (rejecting argument that the ALJ erred at step two by determining certain impairments were nonsevere, because any alleged error was harmless since "the ALJ concluded that [claimant's] other medical problems were severe impairments"); *Mondragon v. Astrue,* 364 Fed. App'x 346, 348 (9th Cir. 2010) ("Any alleged error at step two was harmless because step two was decided in [claimant]'s favor with regard to other ailments."). To the extent Plaintiff argues that the ALJ improperly evaluated the medical evidence of his asthma and leg edema when considering his RFC, I address those arguments below. In short, even if the ALJ erred in failing to identify his asthma and leg edema as severe, the error is harmless.

## II. The ALJ's Evaluation of the Medical Evidence is Not Supported by Substantial Evidence

Plaintiff argues that the ALJ erred by providing legally insufficient reasons for rejecting the opinions of examining physician Brandon Markus, D.O., and nonexamining agency physician Martin Kehrli, M.D. Plaintiff also contends that the ALJ erred in failing to call a medical expert to determine an onset date for Plaintiff's alleged shoulder impairment under Social Security Ruling ("SSR") 83-20. The Commissioner contends that substantial evidence supports the ALJ's assessment of the medical evidence and that SSR 83-20 is inapplicable.

I begin by making a two critical observations. First, there is a dearth of medical evidence concerning Plaintiff's alleged impairments. The record does not contain records from a primary care physician, but instead contains numerous emergency room reports. Indeed, Plaintiff is of limited means, has no health insurance, and predominantly has used the emergency room for care. Second, Plaintiff does not challenge the ALJ's adverse credibility determination. Nevertheless, I have reviewed the ALJ's adverse credibility determination and readily conclude that it is supported by substantial evidence in the record. The ALJ identified multiple reasons for discounting Plaintiff's subjective allegations, including: his record of conservative treatment, that he stopped working for reasons unrelated to his disability, his inconsistent and unreliable reports to providers, and that his activities of daily living are not as limited as expected given his allegations. Although an ALJ may discount a physician's work restrictions based on a claimant's subjective statements about symptoms when the ALJ finds the claimant less than fully credible, the ALJ did not do so here. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.") (internal quotation omitted); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (stating that if the ALJ determines that subjective complaints of claimant are not credible, this is a sufficient reason for discounting a physician's opinion upon which the complaints are based).

### A. *Standards for Examining Medical Evidence*

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin,* 533 F.3d 1155, 1164 (9th Cir. 2008). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must

present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Garrison*, 759 F.3d at 1012; *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

### B. *The ALJ Appropriately Discounted Dr. Markus's Opinion*

On July 21, 2012, Dr. Markus performed a consultative physical capacities examination. Plaintiff's primary complaints at that examination were back pain, leg edema with pain, and shoulder and hand pain with tendonitis. Tr. 199. During the examination, Plaintiff informed Dr. Markus that he had not been to a doctor in ten years. Plaintiff described that he has long-standing back pain, and has been told it is muscular in origin. Plaintiff noted that his back pain is worse with any activity and that he gets numbness in his lower extremities. Plaintiff stated that he rests when his back is painful. Tr. 199. Plaintiff also informed Dr. Markus that he has suffered pitting edema for the previous six years, and that his legs swell if he stands for more than four hours. Plaintiff indicated that if his legs get really swollen, he has numbness and burning pain. Tr. 199. Likewise, Plaintiff explained that he has a history of carpal tunnel surgery and that his hands get swollen and sore with use, and that he frequently drops things. Plaintiff described a decreased range of motion in his shoulders, and that lifting his arms above 90 degrees causes a shooting pain in his left arm with weakness in his arm and hand. Tr. 200. Plaintiff informed Dr. Markus that he is homeless, and has no health insurance.

On examination, Dr. Markus observed that Plaintiff had difficulty getting up from his chair with stiffness and pain in his back. Dr. Markus noted that Plaintiff sat comfortably, and had no difficulty removing his shoes, but did have difficulty putting his socks back on after the examination. Dr. Markus noted that Plaintiff had significant pitting 4+ edema in his lower extremities bilaterally, without ulcerations. Tr. 201. Dr. Markus indicated that Plaintiff could tandem walk with a normal gait with mild imbalance, could walk on toes and heels, was able to fully squat, but required assistance from a chair when rising. Tr. 201.

Dr. Markus assessed that in Plaintiff's right shoulder, he had some discomfort and limited range of motion; and in Plaintiff's left shoulder, he was limited to 90 degrees abduction, 50 degrees adduction; extension 50 degrees and flexion 90 degrees. Tr. 202. Dr. Markus found that Plaintiff could grip objects securely to his palm with the last three digits and could grasp and manipulate both large and small objects with the first three digits, but Plaintiff did experience discomfort in his thumb. Dr. Markus also noted that Plaintiff's grip strength and ability to secure objects rapidly diminished with repetitive use. Tr. 202. Plaintiff had normal sensation in all five digits. Tr. 202. Dr. Markus found no paravertebral muscle spasms, tenderness or trigger points in Plaintiff's back, and 5/5 muscle strength in all upper and lower extremities, except his grip strength decreased with repetition to 4/5. Plaintiff also had sensory deficits in his toes, in an inconsistent pattern. Tr. 203.

Dr. Markus diagnosed back pain, leg edema and pain, should pain predominantly on the left with a decreased range of motion, and hand pain. Tr. 203. Dr. Markus assessed Plaintiff with the residual functional capacity to stand and walk for six hours, sit for six hours with frequent position changes, lift and carry 50 pounds occasionally, 25 pounds frequently, and that he not lift anything over 20 pounds with his left arm consistently due to his left shoulder deficits; Plaintiff should not

climb, with occasional balancing, stooping, kneeling, crouching or crawling. Dr. Markus also assessed that Plaintiff should not reach with the left arm, and can occasionally reach with the right arm, and is limited to occasional handling and fingering and feeling with no repetitive movements. Dr. Markus assessed that Plaintiff is restricted to no work at heights or heavy machinery, no constant gripping and turning, and found that he has no limitations working in temperature extremes, dust, fumes, gases or excessive noise. Tr. 204.

In the decision, the ALJ accurately summarized Dr. Markus's opinion of Plaintiff's physical capacities. The ALJ noted that Dr. Markus's opinion was provided over six months after Plaintiff's date last insured and gave it "little weight." Contrary to Plaintiff's suggestion, the ALJ did not discount Dr. Markus's opinion solely because it was provided after his date last insured. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis"). Here, the ALJ also discounted Dr. Markus's opinion about the severity of Plaintiff's alleged shoulder impairment because it is not supported by objective medical evidence. A lack of objective medical support can be a clear and convincing reason to discount a physician's opinion. *See Batson*, 359 F.3d at 1195 (explaining that an ALJ may discredit physician opinions that are conclusory, brief, and unsupported by objective medical findings). Indeed, as the ALJ correctly stated, there is no objective medical evidence whatsoever to support the left shoulder limitations assessed by Dr. Markus dating back to December 31, 2011. The ALJ's findings in this regard are wholly supported by substantial evidence. Carefully examining Plaintiff's entire medical record reveals that Plaintiff has never sought treatment for shoulder pain or injury. And, contrary to Plaintiff's suggestion, there is absolutely no objective medical evidence indicating that Plaintiff's alleged shoulder impairment is caused by a progressive

or chronic condition. Dr. Markus's found a limited range of motion due to pain; thus, as the ALJ correctly found, Plaintiff does not have a medically determinable chronic or progressive impairment concerning his shoulder. Therefore, based on the complete absence of objective medical evidence about Plaintiff's shoulder existing on December 31, 2011 – the only date under consideration in this unique case – the ALJ reasonably rejected Dr. Markus's opinion about Plaintiff's shoulder impairments. Accordingly, the ALJ did not err.

### C. *The ALJ Failed to Provide Sufficient Reasons for Discounting Nonexamining Agency Physician Dr. Kehrli's Opinion*

Dr. Kehrli reviewed Plaintiff's application and the consultative physical capacities examination performed by Dr. Markus. Tr. 56-59. Based on that review, Dr. Kehrli opined that Plaintiff would be capable of: lifting and carrying 20 pounds occasionally, 10 pounds frequently; standing, walking, and sitting for six hours in an eight hour day; occasionally push and pull with the left upper extremity; occasionally climb ramps, stairs, ladders, ropes and scaffolds; occasionally balance, stoop, kneel, crawl, and crouch; occasionally reach overhead with his left arm; occasionally handle and finger with both hands; and should avoid concentrated exposure to hazards, such as machinery and heights. Tr. 61-62. Dr. Kehrli indicated that his RFC assessment applies from December 31, 2011 through August 8, 2012. Tr. 61-64.

In the decision, the ALJ discussed that the record contains opinions from agency medical consultants "which similarly deal with [Plaintiff]'s functioning after the date last insured, and therefore have also been given little weight when assessing the residual functioning capacity herein." Tr. 48. Plaintiff contends that the ALJ erred in rejecting Dr. Kehrli's opinion simply because it was provided after his DLI. Plaintiff is correct.

11 - OPINION AND ORDER

Here, the ALJ provided no other rationale for discounting Dr. Kehrli's opinion. The fact that Dr. Kehrli's opinion is provided after Plaintiff's DLI is not a legitimate basis to discount his opinion. *Franz v. Colvin*, 91 F.Supp.3d 1200, 1213 (D. Or. 2015) (ALJ erred in rejecting physician's opinion because it was provided after the date last insured); *accord Turner v. Comm'r Soc. Sec. Admin.*, 613, F.3d 1217, 1229 (9th Cir. 2010) (noting evidence post-dating the DLI is probative and should be considered). Additionally, the ALJ's rationale in discounting Dr. Kehrli's opinion fails to account for the fact that the assessment purports to relate back to December 31, 2011. The Commissioner responds that the Dr. Kehrli's opinion is clearly based on Dr. Markus's opinion, which the ALJ appropriately discounted. The Commissioner contends that because Dr. Markus's opinion does not specifically relate back to December 31, 2011, Dr. Kehrli could not have relied on Dr. Markus's opinion as support for Plaintiff's condition as of the DLI. Although the Commissioner raises a valid concern that there is no objective medical evidence supporting some of Dr. Kehrli's assessed limitations as of the DLI, the court may review only the reasons supplied by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."). Therefore, the ALJ's rationale in discounting Dr. Kehrli's opinion is not supported by substantial evidence, and the ALJ has erred.[2]

Because the error in evaluating the medical evidence may impact Plaintiff's RFC, I decline to address Plaintiff's remaining arguments and errors.

---

[2] Although not raised by Plaintiff, it appears that the ALJ also failed to fully explain the weight accorded to the opinion of Neal E. Berner, M.D. Tr. 68-75. It appears from the ALJ's RFC that it is at least partially based on Dr. Berner's opinion, but the ALJ did not set forth reasons for crediting any physician's opinion in the decision. Likewise, the ALJ's rejection of the handling and fingering limitations assessed by Drs. Kehrli and Markus is not supported by substantial evidence.

### III. Remand is Appropriate

After finding the ALJ erred, this court has the discretion to remand for further administrative proceedings or for an immediate award of benefits. *See, e.g., Garrison*, 759 F.3d at 1020. The issue generally turns on the utility of further proceedings. The Ninth Circuit has established a three part test for determining when evidence should be credited and a calculation of benefits is appropriate: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Treichler v. Comm'r Soc. Sec. Admin*, 775 F.3d 1090, 1104-05 (9th Cir. 2014); *Garrison*, 759 F.3d at 1020.

On the record before me, I decline to credit Dr. Kehrli's opinion and conclude that a remand for further proceedings is required. Although the ALJ provided legally insufficient reasons for rejecting Dr. Kehrli's opinion, Plaintiff did not challenge the ALJ's negative credibility assessment and the ALJ provided an appropriate reason for rejecting the opinion of Dr. Markus. The record raises crucial questions about the extent of Plaintiff's limitations on the only date in question – December 31, 2011. There are inconsistencies between the medical evidence and Plaintiff's testimony as to an onset date. Indeed, Plaintiff admitted that he did not stop working in December 2011 due to his alleged impairments. And, as the ALJ discussed with respect to Dr. Markus, there is no objective medical evidence to support Plaintiff's alleged shoulder limitation. Yet, if Dr. Kehrli's opinion is credited, the overhead reaching limitation would stretch back to December 31, 2011 and need to be included in the RFC. Accordingly, there are outstanding issues that must be resolved before a proper disability determination can be made. *Treichler*, 775 F.3d at 1107.

Moreover, even if all three requisites were met, this case raises serious doubt as to the whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1021.

Accordingly, this case is remanded for the ALJ to specifically address the medical evidence and opinions of Drs. Kehrli and Berner, to reassess Plaintiff's RFC if necessary, and to conduct another hearing with additional vocational and expert medical testimony, if necessary.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this **23** day of JANUARY, 2017.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge